```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   Cr. No. 21-00093 HG-1
                               )
              Plaintiff,       )
                               )
         vs.                   )
                               )
BILLIE JACK PERIDOT KAWELO,    )
                               )
                               )
              Defendant.       )
                               )
```

**ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF Nos. 28 and 32)**

Defendant Billie Jack Peridot Kawelo, proceeding pro se, seeks a reduction of her term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 821 altered the sentencing guidelines of certain zero-point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant is not eligible for a reduction in sentence.  The changes made by Amendment 821 do not apply to her.

<u>First</u>, Defendant did not receive any status points at sentencing.

<u>Second</u>, Defendant does not qualify for a reduction for certain zero-point offenders under U.S.S.G. § 4C1.1 because she

1

received an aggravating role enhancement for possessing a firearm in connection with the drug trafficking offense for which she pleaded guilty pursuant to U.S.S.G. § 2D1.1(b)(1).

Defendant's Motions to Reduce Sentence (ECF Nos. 28 and 32) are **DENIED**.

## PROCEDURAL HISTORY

### I.   Information, Guilty Plea, & Sentencing

On July 15, 2021, Defendant was charged in an Information with one count: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii).  (ECF No. 1).

On August 6, 2021, Defendant pled guilty to the sole count of the Information.  (ECF No. 10).

Defendant's guilty plea was made pursuant to a Memorandum of Plea Agreement.  (ECF No. 13).  In the plea agreement, Defendant admitted the following facts:

> [O]n or about June 5, 2019, defendant possessed with intent to distribute approximately 413.2 grams of at least 96% pure methamphetamine and an unloaded revolver at her residence in the District of Hawaii.  The drugs and firearm were seized on that date by law enforcement pursuant to a state search warrant.

(Memorandum of Plea Agreement at ¶ 8(b), ECF No. 13).

On September 14, 2021, the Court accepted Defendant's plea of guilty and adjudged her guilty.  (ECF No. 15).

On October 28, 2021, the Probation Officer filed the Presentence Investigation Report.  (ECF No. 18).

The Presentence Report calculated Defendant's base offense level at 36 based on the amount of generic methamphetamine, pure methamphetamine, and "ice" for which Defendant was responsible.  (Id. at ¶ 44).

Defendant received a two-level increase for her possession of a firearm in connection with the offense pursuant to U.S.S.G. § 2D1.1(b)(1).  (Id. at ¶ 45).

Defendant received a two-level decrease for acceptance of responsibility and an additional one-level decrease for timely entering into a guilty plea.  (Id. at ¶¶ 51-52).

Defendant's total offense level was 35.  (Id. at ¶ 53).  Defendant's criminal history score was 0 with a criminal category of I.  (Id. at ¶ 58).  Defendant's sentencing guideline range was 168 to 210 months imprisonment.  (Id. at ¶ 84).

On November 18, 2021, the Court granted the Government's Sealed Motion and sentenced Defendant to 60 months imprisonment and 5 years of supervised release.  (ECF No. 22).

**II.  Defendant's Motions To Reduce Sentence**

On February 20, 2024, Defendant, proceeding pro se, filed a Motion to Reduce Sentence Under Amendment 821 to the United States Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2).

3

(ECF No. 28).

On February 21, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if it would represent the Defendant in seeking a reduction in sentence. (ECF No. 29).

On February 22, 2024, the Federal Public Defender's Office declined to represent the Defendant. (ECF No. 30).

Also on February 22 2024, the Court issued a briefing schedule. (ECF No. 31).

On February 26, 2024, Defendant, proceeding pro se, filed a Second Motion for a Reduction in Sentence Pursuant to Amendment 821 to the Sentencing Guidelines. (ECF No. 32).

On March 20, 2024, the Government filed its Response to Defendant's Motions. (ECF No. 33).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for

in Amendment 821, which became effective on February 1, 2024.

## ANALYSIS

Defendant's Motions, construed liberally, seek a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in her term of imprisonment because she has not established that her sentencing guidelines would be lower pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

First, Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  See U.S.S.G. § 4A1.1(e).

Here, Defendant did not receive any status points in calculating her criminal history points.  Defendant did not commit the instant offense while under a criminal justice sentence.  The changes in the sentencing guidelines under Amendment 821 for the calculation of status points do not apply to Defendant.

Second, Subpart B of Amendment 821 created a new guideline

found in U.S.S.G. § 4C1.1, which provides for a decrease of two offense levels for certain zero-point offenders who meet its requirements, as follows:

    (a) Adjustment.—If the defendant meets all of the following criteria:

        (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

        (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

        (3) the defendant did not use violence or credible threats of violence in connection with the offense;

        (4) the offense did not result in death or serious bodily injury;

        (5) the instant offense of conviction is not a sex offense;

        (6) the defendant did not personally cause substantial financial hardship;

        **(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense**;

        (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

        (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

        (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848;

>  decrease the offense level determined under Chapters
>  Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a) (emphasis added).

Here, Defendant does not qualify for a reduction as a certain zero-point offender pursuant to Section 4C1.1(a).  At sentencing, Defendant received an upward adjustment for possession of a firearm in connection with her drug trafficking offense pursuant United States Sentencing Guideline Section 2D1.1(b)(1).  (Presentence Investigation Report at ¶ 45, ECF No. 18).  Defendant admitted that she possessed the firearm in connection with the drug trafficking offense in her Memorandum of Plea Agreement.  (Memo. of Plea Agreement at ¶ 8(b), ECF No. 13).

Section 4C1.1(a)(7) precludes Defendant from receiving the two-level decrease in the sentencing guidelines for certain zero-point offenders.  See United States v. Agor, Crim. No. 21-00136 HG-01, 2023 WL 8780649, at *5-*6 (D. Haw. Dec. 19, 2023).

The changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant.  Defendant is not entitled to a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

//

//

//

//

//

**CONCLUSION**

Defendant's Motions to Reduce Sentence based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF Nos. 28 and 32) are **DENIED**.

IT IS SO ORDERED.

DATED: April 10, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Billie Jack Peridot Kawelo, Cr. No. 21-00093 HG-1, **ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF Nos. 28 and 32)**

8